STATE OF NEBRASKA, APPELLEE, V.
CHARLES E. JOHNSON, APPELLANT.

307 N.W.2d 525

Filed June 26, 1981. No. 44054.

Clay B. Statmore for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, Retired District Judge.

KRIVOSHA, C.J.

The appellant, Charles E. Johnson, appeals from a judgment entered by the District Court for Lancaster County, Nebraska, finding Johnson guilty of two counts of misdemeanor issuing a bad check in violation of Neb. Rev. Stat. § 28-611 (Reissue 1979). Johnson was sentenced to an indeterminate term of ½ year to 1 year in an institution under the jurisdiction of the Department of Correctional Services for each count, the second sentence to be served consecutively to the first with credit being given for time already spent in jail. The record reflects that originally Johnson was charged with two counts of felony issuing a bad check. Pursuant to a plea agreement the State agreed to dismiss the felony charges and Johnson pled "no contest" to the two counts of misdemeanor issuing a bad check.

Johnson now maintains that the trial court committed

three errors, justifying a reversal of his conviction. The errors assigned by Johnson are as follows: (1) The trial court should not have found appellant guilty upon his plea of "no contest" because of a lack of factual basis upon which to make such a finding; (2) The sentence of the trial court was excessive; and (3) The trial court erred and abused its discretion in not placing defendant on probation.

We turn first to the second assignment of error to the effect that the sentence of the trial court was excessive. We have not heretofore specifically ruled on the question of whether Neb. Rev. Stat. § 83-1,105 (Reissue 1976) applies to a misdemeanor conviction. Section 83-1,105 provides that: "Except where a term of life is required by law, in imposing an indeterminate sentence upon the offender, the court may: (1) Fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law . . . ." We now believe it appropriate to declare that where an individual is convicted of a misdemeanor and given an indeterminate sentence which is to be served in an institution under the jurisdiction of the Department of Correctional Services, the provisions of § 83-1,105 should apply. We emphasize, however, that the rule applies in only those misdemeanor cases in which the defendant has been given an indeterminate sentence and ordered to serve the indeterminate sentence in an institution under the jurisdiction of the Department of Correctional Services. In view of our action herein, it is necessary that the minimum sentences given Johnson be modified and reduced from ½ a year to ⅓ of a year.

Turning then to Johnson's first assignment of error to the effect that his plea of no contest should not have been accepted because of a lack of factual basis upon which to make such a finding, we reject the assignment. An examination of the record makes it manifestly clear

that there was sufficient evidence from which the court could conclude that Johnson was aware that the checking account had been closed and that no money had been put into the account after October 3, 1979.

After Johnson entered his plea, the court asked the prosecutor to relate to the court the facts underlying the charge. We have heretofore approved this practice where the accused pleads either guilty or "no contest." See, *State v. Daniels*, 190 Neb. 602, 211 N.W.2d 127 (1973); *State v. Hill*, 204 Neb. 743, 285 N.W.2d 229 (1979). Specifically, the deputy county attorney, in the presence of Johnson, stated: "The state's evidence would further show that the defendant [Johnson] and Marvin Mitchell continued to write checks and cashed in checks on the account after they had received the notice and knowing that the account had been closed and there was no money in the account at the time the checks were written. And further, the State would call as a witness, Marvin Mitchell, who would testify substantially as I have related, that the defendants were aware that the checking account had been closed and there was no money had been [sic] put in the account at the time that the checks were written, at a time after October 3rd, 1979."

Johnson neither objected to the statements nor offered anything to contradict the statements made by the deputy county attorney. These statements, together with the police report and the presentence report, were more than sufficient to justify the court's finding Johnson guilty as charged. The assignment of error is rejected.

Finally, with regard to the third assignment of error that the trial court erred and abused its discretion in not placing Johnson on probation, we likewise reject the assignment. No defendant, once convicted, is entitled to be placed on probation as a matter of law. See *State v. Swails*, 195 Neb. 406, 238 N.W.2d 246 (1976). In the instant case the record discloses that after Johnson was charged, and while he was awaiting trial, he was in-

volved in an assault upon a University of Nebraska-Lincoln coed. The trial court obviously realized that Johnson had no intention of being a law-abiding citizen and required some period of incarceration as punishment for his crimes. In sentencing Johnson the trial court said: "I guess the thing that bothers me is the problems you've had since this offense; particularly the assault that took place down at the University. Quite frankly, because of that, I don't think I can put you on probation. I just feel there would be a sufficient likelihood that you would engage in other criminal conduct and I just don't feel that I can take that chance." The action of the trial court was entirely justified and did not constitute an abuse of discretion. Absent evidence of an abuse of discretion, a sentence imposed by the trial court within the statutory limits should be affirmed. See *State v. Carey*, 199 Neb. 288, 258 N.W.2d 141 (1977).

The judgment of the trial court finding Johnson guilty upon his plea of no contest and sentencing him, except as modified herein, is affirmed.

AFFIRMED AS MODIFIED.