otherwise proved. Thus, while the district court erred in concluding that inverse condemnation required an actual physical taking, it did not err in finding that there were no genuine issues of material fact, dismissing 6224 Fontenelle's motion for summary judgment, and granting MUD's motion for summary judgment.

## CONCLUSION

In conclusion, we find that summary judgment in this case is proper, although for reasons different from those of the district court. We find that contrary to the district court's findings, an actual physical taking or physical damage is not required in order to receive just compensation in an inverse condemnation action. However, we find that a diminution in property value alone is not a taking or damaging of the property, but, instead, is a measure of just compensation when such taking or damaging is otherwise proved. 6224 Fontenelle has failed to show that MUD engaged in a taking or damaging as a matter of law, and there exist no genuine issues of material fact. As such, we affirm the order of the district court dismissing 6224 Fontenelle's motion for summary judgment and granting MUD's motion for summary judgment.

Affirmed.

---

State of Nebraska, appellee, v.
Richard R. Cobos, Jr., appellant.
___ N.W.2d ___

Filed May 5, 2015.    No. A-14-505.

1. **Jury Instructions: Proof: Appeal and Error.** To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction.
2. **Criminal Law: Evidence: Proof.** In order to justify an alibi instruction, there must be evidence that the defendant was at some other place during the commission of the crime for a length of time that it was impossible for him to have been

at the place where the crime was committed, either before or after the time he was at such other place.

3. **Jury Instructions: Convictions: Appeal and Error.** Before an error in the giving of instructions can be considered as a ground for reversal of a conviction, the error must be considered prejudicial to the rights of the defendant.

4. **Jury Instructions: Appeal and Error.** In reviewing a claim of prejudice from jury instructions given or refused, an appellate court must read the instructions together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error.

5. **Jury Instructions.** In construing an individual jury instruction, the instruction may not be judged in artificial isolation but must be viewed in the context of the overall charge to the jury considered as a whole.

6. **Sentences: Evidence.** A sentencing court has broad discretion as to the source and type of evidence or information that it may use in determining the kind and extent of the punishment imposed within the limits fixed by statute.

7. **Sentences: Probation and Parole.** When attempting to determine whether the defendant is a proper candidate for probation and rehabilitation, the court, of necessity, must consider whether the defendant acknowledges his or her guilt.

8. **Criminal Law: Motions for New Trial: Appeal and Error.** In a criminal case, a motion for new trial is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed.

9. **Records: Appeal and Error.** Where allegedly prejudicial remarks of counsel do not appear in the bill of exceptions, an appellate court is precluded from considering an assigned error concerning such remarks.

10. **Criminal Law: Evidence: Appeal and Error.** In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed.

Bell Island, of Island & Huff, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

IRWIN, RIEDMANN, and BISHOP, Judges.

Riedmann, Judge.

## INTRODUCTION

Richard R. Cobos, Jr., appeals from his conviction and sentence in the district court for Scotts Bluff County of third degree sexual assault of a child. Finding no merit to Cobos' assigned errors, we affirm.

## BACKGROUND

Cobos was charged with third degree sexual assault of a child based on reports that he had subjected his sister-in-law, M.M., to sexual contact. At trial, M.M. testified that the assault occurred while she and her twin sister were staying with their older sister, Valerie Cobos (Valerie), and her husband, Cobos, in Gering, Nebraska, during August 2012. M.M. was approximately 12 years old at that time, while Cobos was approximately 36 years old.

At the time of the assault, Cobos had recently become employed as a teacher and football coach in Mitchell, Nebraska, which was approximately 12 miles from his home in Gering. Although school had not yet started, Cobos had football practice at 7 a.m. each day, and he had to be there at least an hour early to get things ready. In addition, since this was Cobos' first year at a new school, he had been going even earlier to prepare his classroom for the beginning of the school year. Valerie testified that it was not unusual for Cobos to get up in the middle of the night to go to work and that once he left the house, he would not come home until the end of the school day.

On the morning of the assault, Cobos left the house at approximately 2 a.m. M.M. and her twin sister were still up talking in the living room when he left. Cobos told them to let Valerie know that he was going to school to work in his classroom. The girls fell asleep on the couch in the living room around 4 a.m.

M.M. testified that she woke up later that morning to Cobos' touching her breasts underneath her bra. She knew it was early morning because she looked out the window above the couch and saw the sun starting to rise. According

to M.M., she tried to go back to sleep, but Cobos continued to touch her and tried to put his hand underneath her underwear. M.M. turned away and Cobos stopped, but then he put his hands back underneath her bra. After touching her breasts for a little while longer, Cobos kissed M.M. "directly on the lips and said good morning," then left the house. M.M. testified that she looked at the person touching her and saw that it was Cobos.

A jury instruction conference was held in the district court, during which defense counsel requested an alibi instruction. The court overruled the request, finding that the evidence did not support such instruction. After the jury was instructed, the case was submitted for deliberation. The jury found Cobos guilty beyond a reasonable doubt of third degree sexual assault of a child.

Cobos subsequently filed a motion for new trial alleging, in part, that the prosecutor engaged in misconduct by referring to Cobos as a "predator" during closing arguments. Because the closing arguments were not recorded, defense counsel offered an affidavit stating that during closing arguments, the prosecutor referred to Cobos as a predator and preying on those weaker than him; that such statement was objected to by defense counsel on grounds of relevance and facts not in evidence; and that such objection was overruled. The State objected to the exhibit on the basis that it was not the best evidence, and challenged the accuracy of statements contained in the affidavit. The district court received the affidavit into evidence but ultimately overruled the motion for new trial.

The case then proceeded to sentencing. During the sentencing hearing, defense counsel objected to the court's considering statements in the presentence investigation report indicating that Cobos declined to comment on the allegations. The district court overruled the objection. Before imposing Cobos' sentence, the district court indicated that it had reviewed the presentence investigation report and considered the evidence presented at trial, as well as Cobos' age, his lack of a prior criminal history, his education, the nature of the offense, the

lack of physical violence involved in the commission of the offense, the harm caused to the victim, the lack of justification for the offense, Cobos' attitude, and the unlikelihood of recurrence. Regarding Cobos' attitude, the court stated:

> I don't have [Cobos'] written . . . version; however, there is an interview of [Cobos] that comes through in the pre-sentence investigation. I think [his] attitude . . . overall is good, but it doesn't show, that I can see, an acceptance of responsibility for what the jury found were his acts and some sort of moving forward on what to do about that.

Finally, the court noted that although Cobos would likely be successful in completing probation, it found that he was in need of treatment, which could best be provided in a correctional setting, and that a sentence other than imprisonment would depreciate the seriousness of the crime and promote disrespect for the law. It then imposed a sentence of 24 to 60 months' imprisonment. This timely appeal followed.

## ASSIGNMENTS OF ERROR

Cobos assigns that the district court erred in (1) failing to instruct the jury on Cobos' alibi defense, (2) enhancing Cobos' sentence based on his assertion of his constitutional right to remain silent, (3) overruling Cobos' motion for new trial based on prosecutorial misconduct, and (4) finding sufficient evidence to support the jury's guilty verdict.

## ANALYSIS

*Refusal to Give Alibi Instruction.*

Cobos first assigns that the district court erred in failing to instruct the jury on his alibi defense. Cobos argues that his requested alibi instruction should have been given because there was evidence showing that he was at work in another town 12 miles away at the time of the assault.

[1] To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's

refusal to give the tendered instruction. *State v. Planck*, 289 Neb. 510, 856 N.W.2d 112 (2014). We find that although Cobos' proposed instruction was a correct statement of the law and was warranted by the evidence, Cobos was not prejudiced by the court's refusal to give the requested instruction because the jury was instructed that the State had the burden of proving each and every element of the crime charged, which necessarily required proof of Cobos' presence at the time and place of the crime charged.

[2] In order to justify an alibi instruction, there must be evidence that the defendant was at some other place during the commission of the crime. See *State v. El-Tabech*, 225 Neb. 395, 405 N.W.2d 585 (1987). In addition, the evidence must show that the defendant was at such other place a length of time that it was impossible for him to have been at the place where the crime was committed, either before or after the time he was at such other place. See *id*.

In *State v. El-Tabech, supra*, the trial court refused to give an alibi instruction as requested by the defendant. On appeal, the Nebraska Supreme Court affirmed, citing two reasons: (1) In Nebraska, alibi is not an affirmative defense, and (2) the evidence did not warrant such an instruction.

As to the first reason, the *El-Tabech* court stated that an alibi negates every fact necessary to prove a given crime because a defendant could not commit the offense if he was elsewhere at the time. The court noted the jury was instructed that the State had the burden of proving each and every element of the crime, including the fact that the accused committed the act as charged. The court therefore held that the failure to instruct the jury on the alibi did not relieve the State of its full burden.

In the present case, the jury was instructed that Cobos was charged with unlawfully subjecting M.M. to sexual contact in August 2012 in Scotts Bluff County and was provided with the respective ages of Cobos and M.M. The court further instructed that the State had the burden of proving him guilty beyond a reasonable doubt and that each of the following elements had to be proved beyond a reasonable doubt:

1. That [Cobos] subjected [M.M] to sexual contact; and

2. That [Cobos] was nineteen years of age or older at the time; and

3. That [M.M] was fourteen years of age or younger at the time; and

4. That [Cobos] did so on or about the date or dates charged in Scotts Bluff County, Nebraska.

Cobos' proposed instruction stated: "An issue in this case is whether [Cobos] was present at [a specific address in Gering] between the hours of 4:00 a.m. and 6:00 a.m. on August 17, 2012 and/or August 18, 2012. The state must prove that he was." As such, the proposed instruction told the jury that the State had to prove Cobos was present at the specific location at the given time. But the instructions actually given advised the jury that these were elements of the crime which the State must prove beyond a reasonable doubt; therefore, we find no prejudicial error in the court's refusal to give the alibi instruction.

[3-5] Before an error in the giving of instructions can be considered as a ground for reversal of a conviction, the error must be considered prejudicial to the rights of the defendant. *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006). In reviewing a claim of prejudice from jury instructions given or refused, an appellate court must read the instructions together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. *State v. Fox*, 286 Neb. 956, 840 N.W.2d 479 (2013). In construing an individual jury instruction, the instruction may not be judged in artificial isolation but must be viewed in the context of the overall charge to the jury considered as a whole. *State v. Putz*, 266 Neb. 37, 662 N.W.2d 606 (2003).

The instructions given, as a whole, properly instructed the jury as to the elements the State was required to prove beyond a reasonable doubt. We therefore find no error in the court's refusal to give the tendered instruction.

The second reason the Nebraska Supreme Court found no error in failing to give the requested alibi instruction in *State*

*v. El-Tabech*, 225 Neb. 395, 405 N.W.2d 585 (1987), was because the evidence did not warrant the instruction. This is the basis upon which the district court refused to give the instruction in the present case. We disagree that the evidence was insufficient.

In *State v. El-Tabech, supra*, the defendant's alibi covered only a portion of the time during which the crime could have been committed. Cobos, however, claimed that he left Gering at 2 a.m. and was in Mitchell until late afternoon and that therefore he could not have been in Gering at sunrise to commit the crime charged. We find this evidence sufficient to support an alibi instruction, but because of our conclusion above that the jury was adequately instructed, we find no prejudicial error in the trial court's refusal to give a separate alibi instruction.

We recognize that the Nebraska pattern jury instructions contain a pattern instruction on alibi, and our opinion should not be construed to stand for the proposition that the failure to give a requested alibi instruction can never be prejudicial error. As stated by the Ninth Circuit Court of Appeals, failure to give an alibi instruction in a state action can be a denial of federal due process depending upon the evidence in the case and the overall instructions given to the jury. See *Duckett v. Godinez*, 67 F.3d 734 (9th Cir. 1995). But where, as here, the jury is instructed on every element of the crime, and further instructed that the defendant is presumed to be innocent until the contrary is proved, which properly places the burden of proving beyond a reasonable doubt every material element of the crime charged upon the State, we find no error in the failure to give a separate alibi instruction.

*Enhancement of Sentence Based
on Cobos' Silence.*

Cobos next assigns that the district court erred by imposing a more severe sentence due to Cobos' assertion of his constitutional right to remain silent by refusing to provide a statement to the probation office in conjunction with the presentence investigation. We disagree.

There is no evidence that the district court increased the severity of Cobos' sentence based on his assertion of his right to remain silent; rather, the court noted the absence of a written statement from Cobos in conjunction with its discussion of Cobos' failure to accept responsibility for his actions. A defendant's failure to take responsibility for his actions is a proper factor to consider in imposing a sentence. See *State v. Carngbe*, 288 Neb. 347, 352, 847 N.W.2d 302, 307 (2014) (noting that defendant's actions postconviction were "not signs of responsibility"). Before imposing Cobos' sentence, the district court stated various factors that it had considered, including the information contained in the presentence investigation report, Cobos' age, his lack of a prior criminal history, his education, the nature of the offense, the lack of physical violence in the commission of the offense, the harm caused to the victim, the lack of justification for the offense, Cobos' attitude, and the unlikelihood of recidivism.

[6,7] A sentencing court has broad discretion as to the source and type of evidence or information that it may use in determining the kind and extent of the punishment imposed within the limits fixed by statute. *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998). When attempting to determine whether the defendant is a proper candidate for probation and rehabilitation, the court, of necessity, must consider whether the defendant acknowledges his or her guilt. *State v. Winsley*, 223 Neb. 788, 393 N.W.2d 723 (1986). Based on the record, it appears that the district court considered Cobos' failure to accept responsibility as merely one of many factors in determining the appropriate sentence to impose. We find no abuse of discretion in its having done so.

## Motion for New Trial.

[8] Cobos assigns that the district court erred in overruling his motion for new trial on the basis of prosecutorial misconduct. In a criminal case, a motion for new trial is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed. *State v. Tolbert*, 288 Neb. 732, 851 N.W.2d 74 (2014).

[9] Cobos' motion for new trial was based upon alleged improper statements by the prosecutor during closing arguments; however, the closing arguments were not transcribed and thus are not part of the record before this court. It is the law in Nebraska that, where allegedly prejudicial remarks of counsel do not appear in the bill of exceptions, an appellate court is precluded from considering an assigned error concerning such remarks. *State v. Harris*, 205 Neb. 844, 290 N.W.2d 645 (1980). Although Cobos' assignment of error does not directly challenge the remarks of the prosecutor, it challenges the court's ruling on his motion for new trial, which was based upon the remarks of the prosecutor. Absent a record of the alleged prosecutorial misconduct, we cannot reach this assigned error.

*Sufficiency of Evidence.*

[10] Finally, Cobos assigns that the evidence was insufficient to convict him. Specifically, he argues that the State failed to present evidence identifying Cobos; therefore, it failed to prove an essential element of the crime. In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Tolbert, supra.*

Because Cobos challenges only the sufficiency of the in-court identification, we focus our discussion on that essential element as well.

Despite Cobos' assertion that M.M. never made an in-court identification of the person who touched her, M.M. testified that she saw the person that touched her and that it was her sister Valerie's husband, Cobos. Valerie made an in-court identification of Cobos by pointing at him. Cobos challenges the court reporter's authority to make a notation in the record

that Valerie pointed at Cobos. We determine that under the facts of this case, such identification was proper for two reasons. First, it was sufficient identification for the State to ask Valerie whether Cobos was in the courtroom and request that she point him out. See *State v. Kaba*, 217 Neb. 81, 349 N.W.2d 627 (1984). Second, the identification of Cobos was not litigated, and was only an implicit issue in this case. See *id*.

In *State v. Kaba, supra*, the court distinguished between cases in which the defendant's identity is an implicit issue and cases in which identification is a hotly contested issue, such as where a witness' opportunity to observe the perpetrator is challenged. The *Kaba* court determined that identification of a defendant was an implicit issue because numerous witnesses testified regarding their encounters with the defendant and none of those witnesses noted that the person in the courtroom was not the same person with whom they had had their encounters. As the *Kaba* court noted, it is inconceivable that the State's witnesses would sit silently by, knowing the wrong man had been brought to trial. Likewise, we find it inconceivable that neither M.M. nor Valerie would alert the court if someone other than Cobos were brought to trial. Therefore, we reject this assignment of error.

## CONCLUSION

For the foregoing reasons, we affirm Cobos' conviction and sentence.

AFFIRMED.