IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. TIMOTHY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MATTHEW J. TIMOTHY, APPELLANT.

Filed September 19, 2023.    No. A-23-345.

Appeal from the District Court for Richardson County: JULIE D. SMITH, Judge. Affirmed.

Timothy S. Noerrlinger for appellant.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman, and Emily Doll, Senior Certified Law Student, for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

MOORE, Judge.

## INTRODUCTION

Matthew J. Timothy appeals from his plea-based conviction in the district court for Richardson County for two counts of contributing to the delinquency of a child and two counts of procuring alcoholic liquor for a minor. Timothy asserts that the district court abused its discretion in imposing excessive sentences and that he received ineffective assistance of counsel. We affirm.

## STATEMENT OF FACTS

On September 9, 2022, the State charged Timothy by Information with two counts of manufacture, distribute, deliver, or possess with intent to manufacture, distribute, deliver a controlled substance (marijuana) to a minor, a Class II felony; two counts of contributing to the delinquency of a child, a Class I misdemeanor; and two counts of procuring alcoholic liquor for a minor, a Class I misdemeanor.

- 1 -

At an arraignment hearing on September 13, 2022, Timothy's trial counsel noted that he had filed a motion for discovery, which was granted by the district court. Timothy's discovery motion does not appear in our record on appeal. At a pretrial hearing on October 11, Timothy's trial counsel informed the court that though a plea offer had been made by the State, he had only just received discovery. Timothy's trial counsel requested a 30-day continuance so that he could review the discovery with Timothy in detail. The court granted the motion, and the matter was continued until November 8. Timothy's trial counsel also motioned to depose A.S. and N.S., who were involved in Timothy's charges of contributing to the delinquency of a child and procuring alcoholic liquor for a minor, which the court granted.

At a hearing on December 20, 2022, Timothy's trial counsel informed the district court that a plea agreement had been reached, whereby Timothy would plead guilty to two counts of contributing to the delinquency of a child and two counts of procuring alcoholic liquor for a minor in return for the State's dismissal of the two remaining counts. The State confirmed the details of the plea agreement and Timothy indicated that he wanted to proceed with the agreement.

The district court advised Timothy of his various rights that he would be waiving by entering a plea. Timothy affirmed he had sufficient time to discuss the case with his trial counsel, he was satisfied with the agreement his counsel had negotiated on his behalf, and that he did not need any additional time to speak with his counsel. The court allowed Timothy to withdraw his previous not guilty pleas and plead guilty to two counts of contributing to the delinquency of a child and two counts of procuring alcoholic liquor for a minor. Timothy also asserted that he was entering his pleas freely and voluntarily and that his pleas were not the result of any threats or promises.

The State asked the district court to take judicial notice of the affidavit for probable cause to establish a factual basis. The affidavit provided that on July 29, 2022, Officer Juan Ramirez was dispatched to a home in Falls City, Nebraska, in response to a call regarding child abuse allegations. Upon arrival Ramirez spoke with Rachel S., the mother of A.S. and N.S., who informed Ramirez that she had received Facebook messages from Timothy requesting to be reimbursed for his purchases of alcohol and marijuana for A.S. and N.S., who were 15 and 12 years old, respectively. A.S. and N.S. presented Ramirez with cell phone videos of them drinking alcohol and smoking marijuana at Timothy's residence. They also informed Ramirez that they both spent time with Timothy at his residence. A.S. provided Ramirez with Facebook messages from Timothy agreeing to purchase marijuana for her and N.S. Ramirez and another member of law enforcement then spoke with Timothy, who admitted to allowing "the girls" to come over to his residence with alcohol and marijuana.

The district court took judicial notice of the affidavit for probable cause and found that there was a sufficient factual basis to support Timothy's guilty pleas. The court also found that Timothy understood the charges and possible penalties, that he understood his trial rights, and that he knowingly, intelligently, and voluntarily waived each of those rights. The court accepted Timothy's pleas and found him guilty on the four counts and dismissed the remaining two charges on the State's motion.

Sentencing was held on April 4, 2023. Timothy was sentenced to 180 days' incarceration for each of the two counts of contributing to the delinquency of a child and the two counts of

procuring alcoholic liquor for a minor. The district court ordered all sentences to run concurrently with one another. Timothy was given credit for 8 days served.

Timothy appeals.

## ASSIGNMENTS OF ERROR

Timothy assigns, restated, that (1) the district court abused its discretion in imposing excessive sentences, and (2) he received ineffective assistance of counsel.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## ANALYSIS

*Excessive Sentence.*

Timothy assigns that the sentences imposed by the district court were excessive and amounted to an abuse of discretion. Timothy was convicted of two counts of contributing to the delinquency of a child and two counts of procuring alcoholic liquor for a minor, both Class I misdemeanors, punishable by a maximum of 1 years' imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-106(1) (Cum Supp. 2022). Timothy was sentenced to concurrent terms of 180 days' incarceration on all four Class I misdemeanors. Thus, his sentences were within the statutory range.

Nevertheless, Timothy argues that the sentences were excessive and that the district court failed to adequately consider all the relevant statutory factors, particularly his "rehabilitative needs, his age, his health, his general life circumstances, and his willingness to enter a no contest plea." Brief for appellant at 12. Timothy contends that his plea saved the State the expense of a trial and evidenced Timothy's accepting responsibility for his actions. He also claims that the district court relied upon a pending criminal case charged after the instant case. Timothy argues that he could have received the benefits of probation or a much shorter period of incarceration.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence

is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Greer*, 312 Neb. 351, 979 N.W.2d 101 (2022).

The presentence investigation report (PSI) indicates that Timothy was 36 years old at the time of the offense, had completed high school and some college courses and had served in the United States Army from 2005 to 2009, including a deployment to Iraq for 11 months. In roughly 2017, Timothy was diagnosed with depression, anxiety, schizophrenia, insomnia, and post-traumatic stress disorder. At the time of the PSI, Timothy was receiving Social Security disability benefits due to severe depression. The overall Level of Service/Case Management Inventory placed Timothy in the high risk category to reoffend.

Timothy reported that he first began consuming alcohol at age 16, and his criminal record reflects some alcohol-related offenses. In 2010 Timothy was arrested in Kansas for driving under the influence of alcohol or drugs and transporting an open container, for which he later completed a diversion program. In 2013, Timothy was sentenced in Nebraska to 6 months of probation for refusing to submit to a chemical test. His probation was later revoked, and Timothy was sentenced to 21 days in jail and a $500 fine. In 2014, Timothy was fined $200 in Nebraska for driving during a period of revocation. Also in 2014, Timothy was diagnosed with "alcohol dependence with physiological dependence" and his substance use evaluation recommended that he participate in 8-12 outpatient substance abuse treatment sessions and attend Alcoholics Anonymous meetings with a sponsor. The officer conducting Timothy's PSI was unable to confirm completion of the evaluation's recommendations.

The PSI also noted that Timothy minimized his involvement in the present case. Timothy had repeatedly told law enforcement that he did not hurt anyone and that he wanted to be friends with the teenage girls to whom he had provided alcohol. At the time of the sentencing hearing, Timothy had pending charges from February 2023 of one count of "visual depict[ion]" of sexually explicit conduct and one count of possession of child pornography.

At sentencing, the district court stated that it had reviewed the PSI, which contained information related to all of the relevant statutory factors as well as the mitigating circumstances argued by Timothy. The district court noted that Timothy was not a suitable candidate for probation, considering his criminal history and that his term of probation was revoked in 2013. The court also noted the pending "serious charge" but acknowledged that Timothy had not been yet been convicted. The law invests a trial judge with a wide discretion as to the sources and types of information used to assist him or her in determining the sentence to be imposed within statutory limits. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Further, a sentencing court in noncapital cases may consider a defendant's unadjudicated misconduct in determining an appropriate sentence. *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998).

Upon our review of the record, we can find no abuse of discretion in the sentences imposed. See *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023). This assignment of error fails.

*Ineffective Assistance of Trial Counsel Framework.*

Timothy argues that his trial counsel was ineffective in two regards. Before addressing each claim, we set forth the general legal framework for ineffective assistance of counsel claims.

- 4 -

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

When, as in this case, a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

*Failure to Depose Witnesses.*

Timothy claims that his trial counsel was ineffective for failing to take depositions of Rachel S. and other named material witnesses who would have "refuted claims made by A.S. and N.S. in their depositions regarding [Timothy's] contact with them" and would have provided "mitigating information that could have been used to his benefit both in plea negotiations with the state and as evidence at his sentencing." Brief for appellant at 15.

This claim is sufficiently pled but cannot be resolved on the record before us. When the claim of ineffective assistance on direct appeal involves uncalled witnesses, vague assertions that counsel was deficient for failing to call "witnesses" are little more than placeholders and do not sufficiently preserve the claim. *State v. Blake, supra*. However, the appellate court does not need specific factual allegations as to what the person or persons would have said, which will not be

found in the appellate record. *Id*. It is sufficient that appellate counsel give on direct appeal the names or descriptions of any uncalled witnesses forming the basis of a claim of ineffective assistance of trial counsel. *Id*. Such specificity is necessary so that the postconviction court may later identify whether a particular claim of failing to investigate a witness is the same one that was raised on direct appeal. *Id*.

Timothy asserts that trial counsel failed to take the depositions of several material witnesses and then lists the names of eight individuals that were endorsed as witnesses by the State but were not deposed by trial counsel. Trial counsel was granted leave by the district court to depose A.S. and N.S. but does not appear to have moved to depose any additional witnesses prior to Timothy entering into the plea agreement. Though Timothy only vaguely articulates what the depositions of these individuals would have produced, he has identified the witnesses he asserts trial counsel should have deposed with enough specificity to preserve his claim for postconviction relief. Because trial counsel's decision not to depose these individuals is a matter of trial strategy, we cannot resolve this issue with the record before us.

*Failure to Discuss Discovery and Defenses.*

Timothy next assigns that his trial counsel was ineffective in failing to consult him regarding discovery and potential defenses.

Timothy's claim that counsel failed to adequately confer with him regarding discovery is refuted by the record. During the plea colloquy Timothy affirmed that he had sufficient time to discuss the case with his trial counsel and that he did not need any additional time to speak with his counsel prior to entering his pleas. Thus, this claim fails.

Additionally, Timothy asserts that trial counsel failed to discuss "potential defenses and mitigating information for his sentencing." Brief for appellant at 16. Timothy does not further elaborate the basis for this claimed trial counsel deficiency, such as what specific charges could not be proven and what facts would have led Timothy to insist on a trial rather than accepting the plea agreement. Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). Thus, we conclude that Timothy has failed to allege this claim of deficient performance with sufficient particularity. This claim fails.

Timothy also briefly argues that trial counsel was deficient for failing to investigate the claims that he confessed to law enforcement and that Rachel S. had threatened him prior to his arrest. However, because Timothy only argued this allegation and did not assign it as error, this allegation has not been properly preserved. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021).

CONCLUSION

We affirm Timothy's convictions and sentences. We conclude that the record before us is insufficient to resolve Timothy's claim that trial counsel was ineffective in failing to depose specific witnesses. Timothy's other ineffective assistance of counsel claims are either refuted by the record or insufficiently pled.

AFFIRMED.