IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. COBBS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ADRIAN T. COBBS, APPELLANT.

Filed February 20, 2024.    No. A-23-560.

Appeal from the District Court for Sarpy County: MICHAEL A. SMITH, Judge. Affirmed.

Donald L. Schense, of Law Office of Donald L. Schense, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

## INTRODUCTION

Adrian T. Cobbs appeals from his plea-based conviction in the district court for Sarpy County of first degree sexual assault. Cobbs asserts that the district court abused its discretion in considering police reports detailing alleged unadjudicated misconduct during sentencing and in imposing an excessive sentence. We affirm.

## STATEMENT OF FACTS

On December 27, 2021, Cobbs was charged by complaint in Sarpy County Court with one count of first degree sexual assault of a child in violation of Neb. Rev. Stat. § 28-319.01(1)(b) (Reissue 2016), a Class IB felony; and one count of incest in violation of Neb. Rev. Stat. § 28-703 (Reissue 2016), a Class IIA felony. The case was subsequently bound over to district court where Cobbs was charged by information with identical counts.

- 1 -

On December 21, 2022, the State filed an amended information, charging Cobbs with first degree sexual assault in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 2016), a Class II felony.

At a plea hearing held on December 27, 2022, the State offered a written plea agreement signed by the parties into evidence. The agreement stated that Cobbs would plead to the amended information, which reduced the first count from first degree sexual assault of a child to first degree sexual assault and dismissed the second count entirely. Cobbs assented to his understanding of the plea agreement. Following the district court's recitation of Cobbs' various rights, Cobbs entered a plea of no contest to the amended information.

The factual basis recited at the hearing shows that on the evening of December 24, 2021, Cobbs, age 34, sexually assaulted the victim (his stepdaughter), who was 14 years old at the time. The victim disclosed the assault to her mother, who took the victim to an Omaha hospital on December 25, where the victim underwent a sexual assault examination and was interviewed. The La Vista police department investigated, collecting the clothing the victim was wearing at the time of the assault as well as a voluntary DNA sample from Cobbs. Skin cells and semen on the victim's pants were examined by experts at a laboratory. The DNA makeup from the pant samples had an "an extremely high statistical probability of matching the DNA from [Cobbs], based on the examination in comparison to the samples he had provided." When Cobbs was interviewed about the incident on December 24, he indicated that he had been at home with the victim but was too intoxicated to recall further details. Shortly after his arrest, he wrote a letter to the victim's mother, apologizing for his actions and acknowledging that she would never forgive him.

The district court found that Cobbs understood his rights and freely and voluntarily waived them; that he was acting voluntarily; that he fully understood the charges set forth in the amended information and the consequences of his plea; that his plea was being made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis for the court to accept the plea. The court accepted the plea and found Cobbs guilty of first degree sexual assault.

A sentencing hearing was held on June 29, 2023. The district court referenced additional items that the State sought to include in the presentence investigation report (PSI), which Cobbs objected to. Specifically, Cobbs objected to the inclusion of police reports involving other individuals who were not at issue in the charge against Cobbs. Cobbs argued that the police reports did not lead to any additional charges being brought against Cobbs, and that their inclusion in the PSI would prejudice the district court against Cobbs or would otherwise suggest that there were additional victims in the matter.

The district court overruled Cobbs' objection and included the police reports in the PSI. The court stated that it understood Cobbs' arguments and would give the unadjudicated matters "less weight because of that." The court also acknowledged that there did not appear to be any further investigation by police after the additional allegations against Cobbs were made.

The district court sentenced Cobbs to a term of 35 to 40 years' imprisonment, with credit for 551 days served.

Cobbs appeals.

ASSIGNMENTS OF ERROR

Cobbs assigns, reordered, that the district court erred in (1) accepting the State's offered police reports regarding other potential victims for consideration at sentencing, and (2) imposing an excessive sentence.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Tvrdy*, 315 Neb. 756, ___ N.W.2d ___ (2024).

ANALYSIS

*Inclusion of Police Reports in PSI.*

Cobbs argues that the district court considered inappropriate information when it allowed the State to introduce police reports containing other allegations against Cobbs and then included the reports in the PSI. Cobbs contends that this action by the district court amounted to an abuse of discretion because the evidence was unsubstantiated and unsupported, and thus was irrelevant to consider.

At the commencement of the sentencing hearing, the district court noted that it had received an e-mail from the prosecutor the preceding day and would "make it part of the PSI." In response, defense counsel objected to two exhibits that "the State wishes to introduce." Defense counsel then referred to the exhibits as police reports made during the investigation of this matter, involving other individuals that were not included in the charges against Cobb. The district court overruled the objection but indicated that it understood counsel's argument and "I give them less weight because of that." The exhibits were not further identified or received into evidence, nor do we find them included in the PSI.

The State's brief cites two different police reports included in the PSI in reference to Cobbs' arguments. The first report includes a statement from the Cobbses' babysitter, who was also the victim's best friend. This person indicated that Cobbs spoke to her about wanting to delete information from his phone and then asked the friend to babysit so that Cobbs could go to an unknown location without the knowledge of his wife. The second is a report of Cobbs' wife relaying to investigators that another family member had disclosed being sexually assaulted by Cobbs as a child. The report goes on to indicate that when the police later interviewed this person, she identified another individual, and not Cobbs, as the person who assaulted her. However, at sentencing, the State argued that:

> [T]he State felt . . . these reports of . . . prior victims were relevant to that question [of whether Cobbs was likely to reoffend]. And, you know, we have . . . two adults who say they were sexually assaulted by the defendant when . . . he was a teenager into the early twenties, thereabouts, and you have pastors from a church involved . . . say that they . . . certainly had concerns about the defendant's sexual inappropriateness.

The portions of the PSI cited by the State above do not reference prior assaults by Cobbs or information from pastors and are clearly not the additional exhibits discussed at the sentencing hearing. And as noted above, these exhibits are not contained in our record.

Even so, the law invests a trial judge with a wide discretion as to the sources and types of information used to assist him or her in determining the sentence to be imposed within statutory limits. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Further, a sentencing court in noncapital cases may consider a defendant's unadjudicated misconduct in determining an appropriate sentence. *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998). When accepting the State's additions to the PSI, the district court observed that no further police investigation had resulted from the additional reports and stated that it would give the unadjudicated misconduct "less weight" in its sentencing determination. The district court made no mention of the additional reports at the time it pronounced sentence.

Thus, even if the district court reviewed the additional reports in connection with the PSI, we find no abuse of discretion by the court in doing so.

*Excessive Sentence.*

Cobbs also assigns that the sentence imposed by the district court was excessive and amounted to an abuse of discretion. Cobbs was convicted of first degree sexual assault, a Class II felony, punishable by a maximum of 50 years' imprisonment and a minimum of 1 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022) (penalty provisions for felonies). The district court sentenced Cobbs to a term of 35 to 40 years' imprisonment. Thus, his sentence was within the statutory range.

Nevertheless, Cobbs argues that his sentence was excessive and that the district court failed to consider mitigating factors such as Cobbs' remorse, background, and family.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Greer*, 312 Neb. 351, 979 N.W.2d 101 (2022).

The PSI indicates that Cobbs had completed high school and was working at a gas station until the time of the offense. At the time of his PSI, Cobbs had four children between the ages of 6 and 9. Cobbs had hoped for a term of less than 10 years' incarceration so that he could remain a part of his children's lives.

His criminal history largely includes traffic violations. In June 2019, Cobbs was convicted of driving under the influence for which he was ultimately sentenced to 30 days in jail after his 18-month probation was repeatedly revoked. Cobbs was also convicted of disturbing the peace in March 2020, June 2020, and December 2021. The overall Level of Service/Case Management Inventory placed Cobbs in the medium low risk category to reoffend. Cobbs was also administered the Vermont Assessment of Sex Offender Risk and the Sex Offender Treatment and Progress

Scale; instruments designed to assess risk for sexual and violent recidivism. Cobbs scored in the low risk range, and the high risk range, respectively.

Though Cobbs apologized for his actions at the sentencing hearing, the PSI stated that Cobbs had engaged in "denial and minimization regarding the present offense, as well as his substance use." The victim and members of her family submitted victim impact statements in which they expressed significant trauma and requested that Cobbs receive a maximum sentence.

At sentencing, the district court stated that it had reviewed the PSI, which contained information related to all of the relevant statutory factors, as well as the mitigating circumstances argued by Cobbs. The district court noted that probation was not appropriate given the nature and circumstances of the offense and the substantial risk that Cobbs would engage in additional criminal conduct. The district court found that a lesser sentence would depreciate the seriousness of the offense or promote disrespect for the law.

Upon our review of the record, we can find no abuse of discretion in the sentence imposed. See *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

## CONCLUSION

Because the district court did not abuse its discretion, we affirm Cobbs' conviction and sentence.

AFFIRMED.