STATE OF NEBRASKA, APPELLEE, V.
RICHARD L. KESS, APPELLANT.

613 N.W. 2d 20

Filed June 13, 2000.    Nos. A-99-1064, A-99-1065.

Dennis R. Keefe, Lancaster County Public Defender, and Paul E. Cooney for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

SIEVERS, INBODY, and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Richard L. Kess appeals from two separate orders of the Lancaster County District Court, finding Kess guilty of second-offense driving under the influence (DUI) and fourth-offense DUI. For the reasons set forth below, we affirm.

## BACKGROUND

The instant case arises out of Kess' fourth and fifth DUI offenses. The State originally charged Kess with fourth-offense

DUI, a Class IV felony, arising out of an incident on May 16, 1998. The State charged Kess with fourth-offense DUI a second time, arising out of a subsequent incident on September 14, 1998. Pursuant to a plea agreement, the State amended Kess' September 14 fourth-offense DUI charge to second-offense DUI, a Class W misdemeanor. The State agreed not to file any additional charges in either matter and to remain silent at sentencing. In exchange, on May 17, 1999, Kess entered no contest pleas to both charges. The State gave a factual basis for each charge, which will not be repeated here, and the court accepted Kess' pleas. On July 20, the court sentenced Kess to serve "not less than 20 months nor more than 5 years" in prison for fourth-offense DUI and "not less than 90 days nor more than 90 days" in prison and a $500 fine for second-offense DUI. The court ordered that Kess was to serve his sentences consecutively. Kess separately appealed his sentences, which have been consolidated on appeal.

## ASSIGNMENTS OF ERROR

Kess argues that the district court erred in (1) imposing excessive sentences upon him for both second- and fourth-offense DUI and (2) sentencing him to not less than 90 days' nor more than 90 days' imprisonment for second-offense DUI.

## ANALYSIS

*Excessive Sentences.*

Kess argues that the sentences that the district court imposed for both his DUI convictions were excessive. The court sentenced Kess to serve not less than 20 months nor more than 5 years in prison for fourth-offense DUI, a Class IV felony. Under Neb. Rev. Stat. § 28-105 (Supp. 1997), a Class IV felony is punishable by a maximum sentence of 5 years' imprisonment, a $10,000 fine, or both, with a minimum sentence of 6 months' imprisonment. The district court sentenced Kess to serve not less than 90 days nor more than 90 days in prison for second-offense DUI, a Class W misdemeanor, and ordered Kess to pay a $500 fine. Under Neb. Rev. Stat. § 28-106 (Cum. Supp. 1998), a Class W misdemeanor, second offense, is punishable by a maximum of 90 days' imprisonment and a $500 fine and a mandatory minimum of 30 days' imprisonment and a $500 fine.

The presentence investigation shows that Kess has a lengthy criminal record, including convictions for disturbing the peace, trespassing, carrying a concealed weapon, possession of marijuana, possession of drug paraphernalia, resisting arrest, and theft.

Sentences within statutory limits will only be disturbed by an appellate court if the sentence complained of was an abuse of judicial discretion. *State v. Burkhardt*, 258 Neb. 1050, 607 N.W.2d 512 (2000). A judicial abuse of discretion means that the reasons or rulings of the trial court are clearly untenable, unfairly depriving a litigant of a substantial right, and denying a just result in matters submitted for disposition. *Id.*

Clearly, given Kess' record and the fact that Kess' sentences were within the statutory limits, neither of Kess' sentences are excessive. We conclude that the district court did not abuse its discretion in sentencing Kess within the statutory limits.

*Definite Term of Imprisonment.*

Kess argues that the district court erred in sentencing him to not less than 90 days' nor more than 90 days' imprisonment for second-offense DUI. Kess bases his argument on Neb. Rev. Stat. § 29-2204 (Cum. Supp. 1998), which states in relevant part:

> (1) Except when a term of life is required by law, in imposing an indeterminate sentence upon an offender the court shall:
>
> . . . .
>
> (B) Impose a definite term of years, in which event the maximum term of the sentence shall be the term imposed by the court and the minimum term shall be the minimum sentence provided by law.

Specifically, Kess argues that because the sentence imposed in the second-offense DUI effectively constitutes a definite term of imprisonment of 90 days, his minimum sentence should be 30, not 90, days' imprisonment, changing his sentence to not less than 30 days' nor more than 90 days' imprisonment. As noted above, the minimum term of imprisonment for a Class W misdemeanor is 30 days.

Initially, we note that Kess' sentence for second-offense DUI was an indeterminate sentence and not a determinate sentence

for the purposes of § 29-2204. In *State v. Urbano*, 256 Neb. 194, 199, 589 N.W.2d 144, 150 (1999), the court sentenced Urbano to "'not less than 5 years nor more than 5 years.'" The Nebraska Supreme Court agreed with Urbano's assertion that in "expressly articulating a minimum and maximum term of imprisonment, the trial court sentenced him to an indeterminate sentence." *Id.* at 213, 589 N.W.2d at 157-58.

Therefore, after concluding that Kess' sentence for a Class W misdemeanor was indeterminate, we must determine whether the trial court's imposition of this sentence was appropriate under § 29-2204. This court addressed the question of whether a trial court can impose an indeterminate sentence for a misdemeanor in *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998). In *State v. Alford*, Alford pled no contest to two counts of misdemeanor sexual assault and guilty to one count of misdemeanor assault and was sentenced to concurrent sentences of 3 to 8 months in the county jail. Alford appealed, arguing in part that the district court was without authority to sentence him to indeterminate sentences in county jail. The State argued that § 29-2204 (Reissue 1995) expressly authorized Alford's sentences. Section 29-2204 (Reissue 1995) provides in pertinent part:

> (1) Except when a term of life is required by law, in imposing an indeterminate sentence upon an offender the court shall:
>
> (a) Fix the minimum and maximum limits of the sentence to be served within the limits provided by law, except that when a maximum limit of life is imposed by the court for a Class IB felony, the minimum limit may be any term of years not less than the statutory mandatory minimum.

In *State v. Alford*, we held that even though § 29-2204 (Reissue 1995) contains no express prohibition against sentencing a misdemeanant to an indeterminate sentence in county jail, Nebraska generally affords different treatment to inmates confined in city and county facilities from that afforded to those confined to state facilities under the Department of Correctional Services. We concluded that because of this disparate treatment, § 29-2204 (Reissue 1995) does not authorize the imposition of an indeterminate sentence to a facility outside the jurisdiction of

the Department of Correctional Services. Therefore, we implicitly held that § 29-2204 (Reissue 1995) authorizes the imposition of an indeterminate sentence for a misdemeanor if the court sentenced the defendant within the jurisdiction of the Department of Correctional Services.

In the instant case, in regard to Kess' second-offense DUI, the court sentenced Kess "to an institution under the jurisdiction of the Nebraska Department of Correctional Services, for a period of not less than 90 days nor more than 90 days," in addition to ordering Kess to pay the costs of prosecution and a fine of $500. Therefore, the district court imposed an indeterminate sentence on Kess for a Class W misdemeanor and sentenced Kess to serve his time under the jurisdiction of the Department of Correctional Services. We conclude that the indeterminate sentence imposed on Kess by the district court for a Class W misdemeanor was proper under *State v. Alford* and the current version of § 29-2204 (Cum. Supp. 1998).

The current version of § 29-2204 regarding indeterminate sentences states in part:

(1) Except when a term of life is required by law, in imposing an indeterminate sentence upon an offender the court shall:

(a)(i) Until July 1, 1998, fix the minimum and maximum limits of the sentence to be served within the limits provided by law, except that when a maximum limit of life is imposed by the court for a Class IB felony, the minimum limit may be any term of years not less than the statutory mandatory minimum; and

(ii) Beginning July 1, 1998:

(A) Fix the minimum and maximum limits of the sentence to be served within the limits provided by law for any class of felony other than a Class IV felony, except that when a maximum limit of life is imposed by the court for a Class IB felony, the minimum limit may be any term of years not less than the statutory mandatory minimum. If the criminal offense is a Class IV felony, the court shall fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law nor more

than one-third of the maximum term and the maximum limit shall not be greater than the maximum provided by law[.]

As set out above, beginning July 1, 1998, § 29-2204(1)(a)(ii)(A) states that in imposing an indeterminate sentence, the court shall "[f]ix the minimum and maximum limits of the sentence to be served within the limits provided by law for *any class of felony other than a Class IV felony*." (Emphasis supplied.) This is in contrast to the law set out in § 29-2204(1)(a)(i), which states that until July 1, 1998, the court shall "fix the minimum and maximum limits of the sentence to be served within the limits provided by law," without any specific mention of felonies or misdemeanors. Yet, the 1998 amendment to § 29-2204 did not appear to change the previous law that an indeterminate sentence may be imposed for a misdemeanor if a court sentences an offender to serve time under the jurisdiction of the Department of Correctional Services. Section 29-2204(1)(a)(ii)(A) does not state that an indeterminate sentence may no longer be imposed for a misdemeanor. Absent evidence of legislative intent to modify existing statutes or ordinances, an appellate court ordinarily does not assume the existence of such intent. *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999). When legislation is enacted which makes related preexisting law applicable thereto, it is presumed that the Legislature acted with full knowledge of the preexisting law and judicial decisions of the appellate courts construing and applying it. *Id.* The legislative history surrounding the 1998 amendment to § 29-2204 does not contain any evidence of the Legislature's intent to modify preexisting law in regard to indeterminate sentencing and misdemeanors. The Nebraska Supreme Court has stated that it is not for an appellate court to judicially infer legislative amendatory intent where none is manifest in the legislative history. See *State v. Urbano, supra.* We therefore conclude that the 1998 amendment to § 29-2204 is limited to felonies as set forth above and that the courts continue to have the authority to impose an indeterminate sentence for a misdemeanor as long as the offender is required to serve his or her time under the jurisdiction of the Department of Correctional Services.

## CONCLUSION
Therefore, the district court did not err in sentencing Kess to serve not less than 20 months nor more than 5 years in prison for fourth-offense DUI and in sentencing Kess to not less than 90 days nor more than 90 days in prison and a $500 fine for second-offense DUI, these sentences to be served consecutively.

AFFIRMED.