Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/18/2023 08:04 AM CDT

State of Nebraska, appellee, v.
Robert Criss III, appellant.
___ N.W.2d ___

Filed April 11, 2023.    No. A-22-508.

1. **Sentences: Appeal and Error.** A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.

3. **Sentences.** The first step in analyzing whether sentences are excessive is to examine the statutory limits on penalties for such offenses.

4. **Sentences: Appeal and Error.** In reviewing whether an abuse of discretion occurred during sentencing, an appellate court determines whether the sentencing court considered and applied the relevant factors and any applicable legal principles in determining the sentences to be imposed.

5. **Sentences.** The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

6. ____. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

7. **Sentences: Appeal and Error.** It is not an appellate court's function to conduct a de novo review and a reweighing of the sentencing factors in the record.

8. ____: ____. In reviewing sentences, it is enough for an appellate court to conclude that the trial court's reasons for the defendant's sentences are not clearly untenable and do not unfairly deprive him or her of a substantial right and just result.

9. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. Similarly, it is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute.

10. **Sentences.** Courts have the authority to impose an indeterminate sentence for a misdemeanor conviction as long as the offender is required to serve his or her time under the jurisdiction of the Department of Correctional Services.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Rebekah S. Keller for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and BISHOP and ARTERBURN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Robert Criss III appeals from his plea-based convictions in the district court for Douglas County for attempted possession of a firearm by a prohibited person and carrying a concealed weapon. He argues that his sentences are excessive. Based on the reasons that follow, we affirm.

## BACKGROUND

On January 12, 2022, Criss was charged by information in Douglas County District Court with possession of a firearm by a prohibited person, a Class ID felony. Pursuant to a plea agreement, Criss pled guilty to count 1, attempted possession of a firearm by a prohibited person, a Class II felony, and

count 2, carrying a concealed weapon, a Class I misdemeanor. The court accepted Criss' pleas after receiving the following factual basis from the State:

On or about December 17th of 2021, law enforcement conducted a traffic stop on a vehicle in which [Criss] was a passenger. Officers, as they were approach[ing] the vehicle, observed [Criss] placing a bag into the back seat.

Officers observed open containers of alcohol in the vehicle and then searched the vehicle. When searching the bag that was placed in the back seat by [Criss], they located a .22 caliber assault rifle.

Neither party gave a statement, and they did do a DNA test, which came back showing that the DNA profile was 41.4 sextillion times more likely to have originated from . . . Criss, . . . his codefendant, and two unknown, unrelated individuals than if it had originated from four unknown, unrelated individuals, supporting the fact that [Criss] had handled the firearm. All events occurred in Douglas County, Nebraska.

In addition, Criss stipulated that he had been previously convicted of a felony.

The trial court sentenced Criss to 8 to 10 years' imprisonment with the Nebraska Department of Correctional Services for attempted possession of a firearm by a prohibited person (count 1) and to 365 days' imprisonment in the Douglas County Correctional Center for carrying a concealed weapon (count 2). The court ordered the sentences to run consecutively. It gave him 186 days of credit for time served on count 2 only. The court also ordered that Criss would serve his sentence for count 2 first, and based on his days of credit, he had nearly completed his incarceration time on count 2.

## ASSIGNMENT OF ERROR

Criss assigns that the trial court abused its discretion by imposing excessive sentences.

## STANDARD OF REVIEW

[1,2] A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

## ANALYSIS

[3] Criss assigns that the trial court imposed excessive sentences. The first step in analyzing whether sentences are excessive is to examine the statutory limits on penalties for such offenses. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). Criss was convicted of attempted possession of a firearm by a prohibited person, a Class II felony. See Neb. Rev. Stat. §§ 28-201(4)(a) and 28-1206(3)(b) (Cum. Supp. 2022). A Class II felony is punishable by a maximum sentence of 50 years' imprisonment and a minimum sentence of 1 year's imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Criss was sentenced to 8 to 10 years' imprisonment for the Class II felony. His sentence was within the statutory limits.

Criss was also convicted of carrying a concealed weapon, a Class I misdemeanor. Neb. Rev. Stat. § 28-1202(4) (Cum. Supp. 2022). A Class I misdemeanor is punishable by a maximum of 1 year's imprisonment, a $1,000 fine, or both. There is no minimum sentence. See Neb. Rev. Stat. § 28-106 (Reissue 2016). Criss was sentenced to 365 days' imprisonment for the Class I misdemeanor. This sentence was also within the statutory limits. Consequently, our analysis of whether Criss' sentences are excessive is limited to a review for abuse of discretion. See *State v. Starks, supra.*

[4-6] In reviewing whether an abuse of discretion occurred during sentencing, an appellate court determines whether the sentencing court considered and applied the relevant factors and any applicable legal principles in determining the

sentences to be imposed. *Id.* The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Morton, supra*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Criss argues that the trial court failed to adequately account for mitigating factors, such as his age, substance abuse, mental health, and lack of education, and instead focused its sentencing decision primarily on the nature of the offenses.

At the sentencing hearing, the court acknowledged receipt of the presentence investigation report and heard argument from counsel. Prior to sentencing Criss, the court noted that the offenses, which included use of a gun, were serious. It also acknowledged that Criss was young, but that he had been given "chances in the past." The court stated that Criss had absconded from probation several years earlier and that it did not think probation was an option. It noted that he was an active, documented gang member and, according to the presentence investigation, was a danger to the community and at high risk to reoffend. The court also stated that it takes a lot of things into consideration when determining a sentence and that here, anything less than a period of incarceration would seriously depreciate the seriousness of the offense.

[7,8] Based on the record before us, the trial court took the appropriate factors into consideration when sentencing Criss and there is no indication it considered any inappropriate or improper factors. It is not this court's function to conduct a de novo review and a reweighing of the sentencing factors

in the record. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). Instead, it is enough for us to conclude that the trial court's reasons for Criss' sentences are not clearly untenable and do not unfairly deprive him of a substantial right and just result. See *id.* Accordingly, we conclude the trial court did not abuse its discretion in the sentences it imposed. Criss' assignment of error fails.

We note that the State suggests that the trial court erred in ordering a determinate sentence for Criss' Class I misdemeanor conviction. It contends that Neb. Rev. Stat. § 29-2204.02(5) (Reissue 2016) required the court to impose an indeterminate sentence for this offense. The statute provides:

> For any sentence of imprisonment for a misdemeanor imposed consecutively or concurrently with a sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, the court shall impose a determinate sentence within the applicable range in section 28-106 unless the person is also committed to the Department of Correctional Services in accordance with section 29-2204 for (a) a sentence of imprisonment for a Class III, IIIA, or IV felony committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony.

This court has previously addressed whether § 29-2204.02(5) applied in a case where the defendant was convicted of a Class I misdemeanor and Class IB and IIA felonies, but no Class III, IIIA, or IV felonies. In *State v. Meyer*, No. A-18-353, 2019 WL 548644 (Neb. App. Feb. 12, 2019) (selected for posting to court website), the State asserted plain error, suggesting that because the defendant was sentenced for a Class I misdemeanor along with a term of imprisonment for a Class IB and IIA felony, he should have received an indeterminate sentence for the misdemeanor pursuant to § 29-2204.02(5). This court stated, "Here, [defendant] was sentenced for a misdemeanor, but there was no corresponding sentence for a Class III, IIIA, or IV felony." *Id.* at \*6. Accordingly,

§ 29-2204.02(5) does not apply to the facts of this case. We further explained:

> According to its plain language, § 29-2204.02(5) applies when a trial court is imposing consecutive or concurrent sentences for a misdemeanor along with a Class III, IIIA, or IV felony. If that is the case, the sentencing court must impose a determinate sentence for the misdemeanor unless one of the exceptions set forth in the statute applies.

*State v. Meyer*, 2019 WL 548644 at *6. We therefore disagreed with the State's assertion and found no plain error in the sentences imposed.

[9] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Vanderford*, 312 Neb. 580, 980 N.W.2d 397 (2022). Similarly, it is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute. *Id.* In the present case, Criss was sentenced for a misdemeanor, but there was no corresponding sentence for a Class III, IIIA, or IV felony. Based on the plain and ordinary meaning of the statutory language in § 29-2204.02(5), the statute does not apply to the facts of this case because the sentence of imprisonment for the misdemeanor was not imposed consecutively or concurrently with a sentence of imprisonment for a Class III, IIIA, or IV felony. The dissent's conclusion to the contrary requires ignoring the plain language in § 29-2204.02(5).

[10] The dissent also states that we have read the language in § 29-2204.02(5) to mean that before an indeterminate sentence can be imposed for a misdemeanor, there must be a conviction for not only a Class I, IA, IB, IC, ID, II, or IIA felony (high level felony), but a Class III, IIIA, or IV felony (low level felony) as well. We do not agree with this characterization. We are simply not reading § 29-2204.02(5) to say that the trial court was required to impose an

indeterminate sentence in this instance, since we conclude the statute does not apply at all. We are not making a broad assertion that a trial court could never impose an indeterminate sentence for a misdemeanor when it is imposed concurrently or consecutively with a Class I, IA, IB, IC, ID, II, or IIA felony. Courts have the authority to impose an indeterminate sentence for a misdemeanor as long as the offender is required to serve his or her time under the jurisdiction of the Department of Correctional Services, see *State v. Kess*, 9 Neb. App. 353, 613 N.W.2d 20 (2000), so if misdemeanor and Class I, IA, IB, IC, ID, II, or IIA felony sentences are imposed at the same time, to be served in prison rather than jail, the trial court could impose an indeterminate sentence. In this case, we are saying only that it was not plain error for the court to sentence as it did, especially given its specific instructions that the misdemeanor sentence was to be served first. Our holding is more limited than the dissent suggests. We are saying only that we cannot read out of § 29-2204.02(5) the requirement that a sentence of imprisonment for a misdemeanor must be imposed consecutively to or concurrently with a sentence of imprisonment for a Class III, IIIA, or IV felony before that statutory provision can even be applied and that therefore, we find the statute inapplicable to our case. See *State v. Yzeta*, 313 Neb. 202, 983 N.W.2d 124 (2023) (court will not read meaning into statute that is not warranted by legislative language or read anything plain, direct, or unambiguous out of statute).

## CONCLUSION

We conclude that the trial court did not abuse its discretion in sentencing Criss. Accordingly, Criss' convictions and sentences are affirmed.

AFFIRMED.

ARTERBURN, Judge, concurring in part, and in part dissenting.

I concur and join in that part of the majority opinion which affirms the sentence imposed by the district court as

to count I, attempted possession of a firearm by a prohibited person. However, I agree with the contention of the State that the district court committed plain error by sentencing Criss to a determinate sentence on count II, carrying a concealed weapon. Therefore, I respectfully dissent from that portion of the majority opinion which affirms the district court's sentence for that conviction. Based on my reading of § 29-2204.02, the district court should have imposed an indeterminate sentence on count II. As such, I believe the sentence on count II should be vacated and the cause remanded for resentencing on that count only.

In *State v. Wells*, 28 Neb. App. 118, 940 N.W.2d 847 (2020), this court found that the district court erred when it imposed determinate sentences for five misdemeanor convictions where those sentences were imposed concurrently with each other but consecutively to sentences imposed for two Class II felony convictions and one Class IIIA felony conviction. We found that the sentences imposed for the misdemeanor convictions should have been indeterminate sentences. In so doing, we found that normally, when a sentence for a misdemeanor conviction is imposed consecutively or concurrently with one for a Class IIIA felony, a determinate sentence must be imposed. We found, however, that "§ 29-2204.02(5) provides an exception to the determinate sentences, because [the defendant] was also committed to the Department of Correctional Services for sentences of imprisonment on his convictions for his Class II felonies." *State v. Wells*, 28 Neb. App. at 132-33, 940 N.W.2d at 856. Left unresolved by that opinion is whether § 29-2204.02(5) requires determinate or indeterminate sentences to be imposed for misdemeanor convictions where the only felony conviction for which the defendant is being sentenced is one that requires that an indeterminate sentence be imposed, as is the case here. Section 29-2204.02(5) again reads as follows:

> For any sentence of imprisonment for a misdemeanor imposed consecutively or concurrently with a sentence

of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, the court shall impose a determinate sentence within the applicable range in section 28-106 unless the person is also committed to the Department of Correctional Services in accordance with section 29-2204 for (a) a sentence of imprisonment for a Class III, IIIA, or IV felony committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony.

For the sake of clarity, I will refer to Class III, IIIA, and IV felonies as being "low level felonies." Sentences for these felonies must be determinate with a period of supervised release imposed thereafter unless they are imposed concurrently or consecutively with a Class I, IA, IB, IC, ID, II, or IIA felony. See § 29-2204.02(4). I will refer to these offenses as "high level felonies." Offenders falling in this category must receive indeterminate sentences. Under that sentencing scheme, the lower number of the sentence determines parole eligibility, with the higher number determining a date for absolute release. In adopting § 29-2204.02(4), the Legislature clearly did not want individuals who were being sentenced for both low level and high level felonies to be placed on both supervised release (administered by the courts via the probation office) and parole (administered by the Department of Correctional Services). The Legislature thus determined that when sentences are imposed on both low level and high level felonies, indeterminate sentences are required. This requirement also ensures that a minimum and maximum sentence exists on the low level felonies so that dates for parole eligibility and absolute discharge can be determined as to all convictions. Without an indeterminate sentence, the Department of Correctional Services is without sufficient information to know when those dates occur.

The majority reads the language of § 29-2204.02(5) to mean that before an indeterminate sentence could be imposed on a misdemeanor, there must be not only a conviction

for a high level felony, but one for a low level felony as well. That view of the plain language tracks with our wording in *State v. Wells*, 28 Neb. App. 118, 940 N.W.2d 847 (2020). The statute states that offenders receiving misdemeanor sentences running consecutively or concurrently with low level felony sentences must receive determinate sentences. The statute states this to be the case unless the person is also sentenced for a high level felony. So the majority reads the presence of a low level felony to be a prerequisite before an indeterminate sentence can be imposed.

I do not read the statute to require this result. I can find no explanation of why it would be important to have indeterminate sentences imposed on misdemeanors only where sentences for both a low level felony and a high level felony are also imposed but not where there is no low level felony conviction. Thus, I agree with the State that the statute should be read to require the imposition of an indeterminate sentence any time a misdemeanor sentence is to run concurrent with or consecutive to a high level felony. Such a reading gives credence to the overall design of the entirety of § 29-2204.02 where the Legislature's purpose is to have offenses of all levels imposed using a unified framework when they are imposed together. The framework is top down. If a high level felony is to be sentenced, all low level felonies are to be sentenced in accord therewith so that parole and absolute discharge dates can be determined. If the highest grade of offense is a low level felony, then determinate sentences must be given so as to establish a date at which time supervised release will begin.

I believe the State's position is bolstered by prior law. Prior to the passage of 2015 Neb. Laws, L.B. 605, all criminal offenses were to be sentenced in accord with Neb. Rev. Stat. § 29-2204(1)(A) and (B) (Cum. Supp. 2014). Under that statutory scheme, the sentencing court had the option to impose either an indeterminate or a determinate sentence. However, if a determinate sentence was imposed, the term imposed

was deemed to be the maximum term, with the minimum term being the minimum sentence provided by law. So, for example, if the district court sentenced a person to 40 years' imprisonment on a Class II felony, the sentence was deemed to be imprisonment for 1 to 40 years. Parole eligibility would begin after the person sentenced served half of the minimum term, with absolute discharge being required once half of the maximum sentence was served (assuming no loss of good time credit). Provision was thus made for a determination of parole eligibility even if a determinate sentence was imposed. See *State v. Schnabel*, 260 Neb. 618, 618 N.W.2d 699 (2000).

This court considered two cases which addressed whether the scheme laid out in in the pre-2014 version of § 29-2204(1)(A) also applied to misdemeanors. In *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998), we addressed whether a court could impose an indeterminate sentence to a county jail. Our finding is summarized in the later case of *State v. Kess*, 9 Neb. App. 353, 613 N.W.2d 20 (2000). Therein we stated:

> In *State v. Alford*, we held that even though § 29-2204 (Reissue 1995) contains no express prohibition against sentencing a misdemeanant to an indeterminate sentence in county jail, Nebraska generally affords different treatment to inmates confined in city and county facilities from that afforded to those confined to state facilities under the Department of Correctional Services. We concluded that because of this disparate treatment, § 29-2204 (Reissue 1995) does not authorize the imposition of an indeterminate sentence to a facility outside the jurisdiction of the Department of Correctional Services. Therefore, we implicitly held that § 29-2204 (Reissue 1995) authorizes the imposition of an indeterminate sentence for a misdemeanor if the court sentenced the defendant within the jurisdiction of the Department of Correctional Services.

*State v. Kess*, 9 Neb. App. at 356-57, 613 N.W.2d at 23.

In *Kess*, we then affirmed an indeterminate sentence that was imposed for a misdemeanor conviction where the sentence was ordered to be served in the Department of Correctional Services consecutively to an indeterminate sentence for a felony conviction. Thus, even though we found that the express language of § 29-2204 did not prohibit a court from imposing an indeterminate sentence for a misdemeanor, the implications of such a sentence prevented its imposition if the sentence was not under the jurisdiction of the Department of Correctional Services.

The current scenario presents similar considerations. The design of § 29-2204.02 as a whole is to set out parameters so that terms of incarceration for multiple offenses can be served such that the appropriate dates for release can be determined, whether that be supervised release, if only determinate sentences are imposed, or release on parole and absolute release, if indeterminate sentences are imposed. As a result, it is important that all sentences imposed be either wholly determinate or wholly indeterminate. It violates the overall scheme and creates confusion for a determinate sentence to be imposed on a misdemeanor in conjunction with an indeterminate sentence on a felony. I note that our current sentencing statutes contain no provision that deems that the statutory minimum be considered the minimum on a determinate sentence. Determinate sentences only have one number. Thus, there is no guidance in the current statutory structure as to how parole would be determined for a person sentenced to a determinate misdemeanor sentence and an indeterminate felony sentence.

The majority applies what it sees as the plain language of § 29-2204.02(5). While I understand this approach,

> [p]enal statutes must be strictly construed and are considered in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. A court must place on a statute a reasonable construction which

best achieves the statute's purpose, rather than a construction which would defeat that purpose.

*State v. Godek*, 312 Neb. 1004, 1011, 981 N.W.2d 810, 816 (2022).

Here, in my view, the purpose of § 29-2204.02 is only met by requiring that a misdemeanor sentence be indeterminate when imposed concurrently or consecutively to an indeterminate sentence given on a high level felony, whether or not a low level felony is also being sentenced in conjunction therewith. Therefore, I would vacate the sentence and remand the cause for resentencing on count II only. I respectfully dissent from the majority's decision as to count II.