IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DEAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHAUN DEAN, APPELLANT.

Filed May 14, 2024.    No. A-23-826.

Appeal from the District Court for Adams County: MORGAN R. FARQUHAR, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Mark Porto, of Wolf, McDermott, Depué, Sabott, Butz & Porto, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

MOORE, Judge.

## INTRODUCTION

Shaun Dean appeals the sentence he received in the district court for Adams County, arguing that the district court abused its discretion and imposed an excessive sentence. Though all of Dean's sentences were within the statutory limits, we find that the district court committed plain error by sentencing Dean to determinate sentences rather than indeterminate sentences on three of the four counts. We therefore affirm in part, and in part vacate and remand the cause for resentencing.

## STATEMENT OF FACTS

In November 2022, Dean was charged by information with one count of possession of a firearm by a prohibited person in violation of Neb. Rev. Stat. § 28-1206(3)(b) (first offense) (Cum. Supp. 2022), a Class ID felony; two counts of terroristic threats in violation of Neb. Rev. Stat.

- 1 -

§ 28-311.01 (Reissue 2016), a Class IIIA felony; one count of operating a motor vehicle to avoid arrest in violation of Neb. Rev. Stat. § 28-905(2) (Reissue 2016), a Class I misdemeanor; and one count of driving under suspension or while eligible for reinstatement in violation of Neb. Rev. Stat. § 60-4,108(2) (Reissue 2021), a Class III misdemeanor.

At a hearing on July 31, 2023, the district court was informed that a plea agreement had been reached. Dean's counsel stated that Dean agreed to plead to an amended information charging him with two counts of terroristic threats, one count of operating a motor vehicle to avoid arrest, and one count of attempted possession of a firearm by a prohibited person in violation of Neb. Rev. Stat. § 28-201(4)(a) (Reissue 2016), a Class II felony. In addition, the State agreed to make a recommendation of a sentence of 5 to 7 years' imprisonment, concurrent among all four counts. Dean agreed with the representation of the plea agreement and acknowledged that the court may deviate from the recommendations of the State regarding sentencing.

As part of the plea, the State submitted an "Affidavit for Detention on Warrantless Arrest" authored by a Hasting Police Department officer in June 2022 as a factual basis. The affidavit stated that Dean had called the Adams County Sheriff's Office and was threatening to kill his mother and made additional threats to law enforcement and other civilians. Dean had also reported that he had "3000 rounds of ammunition and four live grenades with murder on his mind." When officers located Dean and attempted to initiate a traffic stop, Dean continued driving for several blocks. When Dean later parked his car and was taken into custody, officers observed that Dean's license plates did not match his vehicle. Dean continued to express violent sentiments toward a particular individual in the presence of officers.

The district court found there to be a sufficient factual basis, and accepted Dean's plea of no contest and found him guilty of the four charges. The court additionally found that Dean's plea was made freely, knowingly, intelligently, and voluntarily.

A sentencing hearing was held on September 27, 2023. The district court sentenced Dean to a term of 3 years' incarceration on counts I and II, terroristic threats; a term of 1 year's incarceration on count III, operating a motor vehicle to avoid arrest; and a term of 20 to 24 years' incarceration on count IV, attempted possession of a firearm by a prohibited person. The sentences were ordered to be served concurrently and Dean received 169 days credit for time served.

Dean appeals.

## ASSIGNMENT OF ERROR

Dean assigns that the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if

uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id*. A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*.

ANALYSIS

*Count IV.*

Dean assigns error to the sentence imposing a term of 20 to 24 years' incarceration, which sentence was for count IV, a Class II felony. He acknowledges that the sentence is within the statutory limits but claims that the sentence is nonetheless excessive. Dean argues that the district court failed to appropriately balance the relevant statutory factors and did not consider various mitigating circumstances, including Dean's mental health and addiction issues.

Dean's sentence on count IV was within the statutory limits. He was convicted of a Class II felony, which is punishable by a minimum of 1 year and a maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). There is no evidence that the district court failed to consider the well-established factors and applicable legal principles in its sentencing decision. As noted by the Nebraska Supreme Court, these factors and principles have been repeated so often as to not require citation. See *State v. Applehans*, 314 Neb. 653, 992 N.W.2d 464 (2023).

However, for the sake of completeness we note that the 200-page presentence investigation report prepared in this case indicates that Dean was 39 years old at the time of sentencing and had earned a bachelor's degree. His lengthy criminal history from 2001 to 2022 includes accessory to a Class IV felony; leaving the scene of an accident; assault in the third degree (five times); speeding; minor in possession; disturbing the peace; possession of an open container; driving under the influence (three times); resisting arrest; terroristic threats (twice); reckless driving; obstructing a peace officer; attempt of a Class III or IIIA felony; third degree domestic assault (twice); possession of a controlled substance (twice); and violation of a protection order (twice). In addition, following the current charges, Dean was arrested for terroristic threats (twice); assault by strangulation; and third degree domestic assault.

Dean reported being diagnosed with depression, anxiety, and schizophrenia, and that the incident at issue occurred when he was not taking his prescribed medication. At the time of Dean's arrest, he was placed in emergency protective custody and was discharged following a diagnosis of alcoholic intoxication without complication. Dean was placed back in emergency protective custody 2 days later due to suicidal ideations. At that time, Dean underwent a psychological evaluation which diagnosed Dean with a mood disorder, moderate alcohol dependence use disorder, moderate cannabis use disorder, and moderate amphetamine use disorder. Dean acknowledged that he had used methamphetamine daily for the 6 months preceding his arrest. Dean also reported daily use of alcohol (to the point of heavy intoxication) and marijuana for the purposes of self-medicating. Dean scored as a very high risk to reoffend on the overall Level of Service/Case Management Inventory assessment.

At the sentencing hearing, the district court stated that it had reviewed the entirety of the presentence investigation report and had considered all statutory factors in determining the appropriate sentence. The court noted that Dean was not a suitable candidate for probation and that it was taking the safety of the community into account. Though Dean argues that the sentence imposed by the district court "quadrupled what the parties anticipated in terms of when Dean

- 3 -

would be eligible for probation," Dean acknowledged at the July 31, 2023, hearing that the district court ultimately had sole discretion to impose a sentence and was not bound by the parties' plea agreement. Brief for appellant at 9.

We find no abuse of discretion in the sentences imposed. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). This assignment of error fails.

*Remaining Counts.*

Though not assigned by Dean, we find plain error by the district court regarding Dean's sentences as to counts I, II, and III. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Roth, supra*. A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.*

Dean was convicted of two counts of terroristic threats, both Class IIIA felonies, which are punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision, a fine of $10,000, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Dean was also convicted of operating a motor vehicle to avoid arrest, a Class I misdemeanor, which is punishable by a maximum of 1 year's imprisonment, a fine of $1,000, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016). Thus, Dean's sentences were within the statutory guidelines for the offenses.

However, as noted by the State, Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016) requires a district court to impose an indeterminate sentence for a Class IIIA felony, when sentencing a defendant consecutively or concurrently with a sentence of imprisonment for a Class II felony. Additionally, § 29-2204.02(5) requires a district court to impose a determinate sentence for a Class I misdemeanor, when sentencing a defendant consecutively or concurrently with a sentence of imprisonment for a Class IIIA felony, unless the defendant is also sentenced to a term of imprisonment for a Class I, IA, IB, IC, IC, II, or IIA felony. See, also, *State v. Criss*, 31 Neb. App. 765, 989 N.W.2d 450 (2023); *State v. Wells*, 28 Neb. App. 118, 940 N.W.2d 847 (2020).

Here, Dean's four sentences, two Class IIIA felonies, one Class I misdemeanor, and one Class II felony, were ordered to be served concurrently. The district court was required by statute to impose an indeterminate sentence on Dean's Class IIIA felonies and Class I misdemeanor, and plainly erred in sentencing him to determinate sentences of 3 years' and 1 year imprisonment, respectively. Therefore, because the district court imposed improper sentences as to counts I, II, and III, we agree with the State's assertion that those sentences amount to plain error, should be vacated, and the cause remanded to the district court for resentencing. See *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017) (vacating defendant's sentence and remanding cause for resentencing consistent with § 29-2204.02).

CONCLUSION

For the reasons set forth above, we affirm Dean's sentence as to count IV. We find plain error with regard to Dean's sentences for counts I, II, and III, and those sentences are vacated, and the cause remanded to the district court for resentencing.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.