IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. COOPER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TARON D. COOPER, SR., APPELLANT.

Filed March 24, 2026.   Nos. A-25-765, A-25-766.

Appeals from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Jessica C. West for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

MOORE, BISHOP, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Following his pleas of no contest entered in two separate cases, Taron D. Cooper, Sr., was convicted of theft by unlawful taking ($501-$1,499), first degree criminal trespass, robbery, attempt of a Class II felony (robbery), and possession of a deadly weapon by a prohibited person. The Douglas County District Court sentenced him to an aggregate of 36 to 50 years' imprisonment. Cooper appeals, claiming the district court imposed an excessive sentence. We affirm.

## BACKGROUND

On November 20, 2023, the State filed an information in case No. CR 23-5274 (A-25-765) charging Cooper with one count of burglary, a Class IIA felony, pursuant to Neb. Rev. Stat. § 28-507 (Reissue 2016). On August 13, 2025, the State filed an amended information charging him with two counts: count 1, theft by unlawful taking ($501-$1,499), a Class I misdemeanor,

- 1 -

pursuant to Neb. Rev. Stat. § 28-511 (Reissue 2016) and Neb. Rev. Stat. § 28-518 (Cum. Supp. 2024); and count 2, first degree criminal trespass, a Class I misdemeanor, pursuant to Neb. Rev. Stat. § 28-520 (Reissue 2016).

On May 2, 2025, the State filed an information in case No. CR 25-2475 (A-25-766) charging Cooper with three counts: count 1, robbery, a Class II felony, pursuant to Neb. Rev. Stat. § 28-324 (Reissue 2016); count 2, attempt of a Class II felony (robbery), a Class IIA felony, pursuant to Neb. Rev. Stat. §§ 28-201 and 28-324 (Reissue 2016); and count 3, possession of a deadly weapon by a prohibited person, a Class ID felony, pursuant to Neb. Rev. Stat. § 28-1206 (Cum. Supp. 2022).

A hearing was held on August 13, 2025, and a plea agreement concerning both cases was set forth in the record. Pursuant to the plea agreement, Cooper entered no contest pleas to the charges in the amended information in case No. CR 23-5274 and the charges in the information in case No. CR 25-2475. In exchange, the State agreed not to charge Cooper as a habitual criminal in either case, and in case No. CR 25-2475, the State agreed not to charge Cooper with second offense possession of a firearm by a prohibited person ("as it relates to Count 3") or an additional charge of use of a deadly weapon to commit a felony.

According to the factual basis provided by the State for case No. CR 23-5274 (theft by unlawful taking and first degree criminal trespass), on October 11, 2023, Cooper forced his way into the residence of a named female. Law enforcement was called and observed him exiting the back door of the residence. When law enforcement stopped Cooper, he had personal property items belonging to the female. The female indicated that Cooper did not have permission to be in her residence, and the items found in his possession were previously inside the residence.

According to the factual basis provided by the State for case No. CR 25-2475, as to count 1 (robbery), on December 7, 2023, Cooper entered a store and pointed "what appeared to be a firearm" at a clerk, demanded money, and then took the money and left the store. As to counts 2 and 3 (attempt of a Class II felony (robbery) and possession of a deadly weapon by a prohibited person), on December 8, 2023, Cooper entered a store, pointed a firearm at a clerk, demanded money, and then struck the clerk with the firearm. Cooper then pointed the firearm at a different clerk and demanded money. That clerk attempted to subdue Cooper and wrestle the gun away from him, during which time Cooper bit the clerk and threw him into a glass wall; the clerk was injured and was eventually diagnosed with a broken hand. During the scuffle, one round was discharged from the firearm but did not strike anyone. Cooper did not obtain any money from the store. Cooper had previously been convicted of a felony in 2017, and a certified copy of that conviction was received into evidence without objection.

The district court accepted Cooper's no contest pleas to the charges in both cases, found him guilty of the same, and set the cases for sentencing.

A sentencing hearing was held on October 2, 2025. In case No. CR 23-5274, the district court sentenced Cooper to concurrent sentences of 1 year imprisonment on each count (theft by unlawful taking ($501-$1,499) and first degree criminal trespass). In case No. CR 25-2475, Cooper was sentenced to consecutive sentences of 8 to 10 years' imprisonment on count 1 (robbery), 7 to 9 years' imprisonment on count 2 (attempt of a Class II felony (robbery)), and 20 to 30 years' imprisonment on count 3 (possession of a deadly weapon by a prohibited person). The sentence

imposed in case No. CR 23-5274 was to be served consecutively to the sentence imposed in case No. CR 25-2475. Cooper was given 186 days' credit for time served.

Cooper appeals.

## ASSIGNMENT OF ERROR

Cooper assigns that the district court abused its discretion by imposing an excessive sentence on him.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

### EXCESSIVE SENTENCE

In case No. CR 23-5274 (A-25-765), Cooper was convicted of theft by unlawful taking ($501-$1,499) and first degree criminal trespass, each a Class I misdemeanor punishable by up to 1 year's imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-106 (Reissue 2016). He was sentenced to 1 year in prison for each conviction.

In case No. CR 25-2475 (A-25-766), Cooper was convicted of robbery, a Class II felony punishable by 1 to 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). He was sentenced to 8 to 10 years' imprisonment. Cooper was also convicted of attempt of a Class II felony (robbery), a Class IIA felony punishable by up to 20 years' imprisonment. See *id*. He was sentenced to 7 to 9 years' imprisonment. Finally, Cooper was convicted of possession of a deadly weapon by a prohibited person, a Class ID felony punishable by a mandatory minimum of 3 years' imprisonment and up to a maximum of 50 years' imprisonment. See *id*. He was sentenced to 20 to 30 years' imprisonment.

Cooper's sentences in both cases were within the statutory range. As such, we review the district court's sentencing determination only for an abuse of discretion. See *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025) (where sentence imposed within statutory limits is alleged to be excessive, appellate court must determine whether sentencing court abused its discretion in considering and applying relevant factors, as well as any applicable legal principles in determining sentence to be imposed.)

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Cooper was 36 years old at the time of sentencing. According to the presentence investigation report (PSR), he was married and had eight children (seven were minors, but two of

them lived in a different home). He had a GED and was not employed due to his incarceration. Cooper reported that he had been taking care of his children because his wife was suffering from postpartum depression; he obtained a gun and committed the "robberies" because he wanted to get Christmas presents for the children.

We will not recount Cooper's juvenile history. His adult criminal history includes numerous convictions, including: assault and battery and disorderly conduct in 2007 (30 days' jail); theft by unlawful taking in 2007 (60 days' jail); possession of less than one ounce of marijuana in 2009 and 2023 (fines); carrying a concealed weapon and shoplifting in 2010 (45 days' jail); possession of a controlled substance in 2010 (2 years' probation, 90 days' jail; unsatisfactory termination of probation); carrying a concealed weapon in 2010 (100 days' jail); possession of a firearm by a prohibited person in 2011 (5 years' prison); and possession of a firearm by a prohibited person in 2017 (5 to 10 years' prison, successfully discharged from parole in 2022).

As part of the presentence investigation, a "Level of Service/Case Management Inventory" was conducted, and Cooper was assessed at an overall "[h]igh" risk to reoffend. He scored in the "[v]ery [h]igh" risk range in the criminogenic risk factor domain for companions. He scored in the "[h]igh" risk range in the domains for criminal history and antisocial pattern. He scored in the "[m]edium" risk range in the domains for education/employment and leisure/recreation. And he scored in the "[l]ow" risk range in the domains for family/marital, alcohol/drug problems, and procriminal attitude.

At the sentencing hearing, Cooper's counsel asked the district court to "take into consideration some key things" from the PSR, namely that Cooper "does not have a significant record of violence"; he successfully completed a term of parole in the past; he had "a very good support system," as the court "can see from the letters that were submitted from his family"; and he "takes ownership of his actions." Counsel argued that Cooper's "intent was not selfish" and "[i]t was not to harm anyone"; rather, "[i]t was because of financial hardship and him . . . feeling that there was not another option to provide those Christmas presents for his children."

Cooper personally stated, "I would like to apologize on my behalf of my wrongful doings to the courts and to my victims. To my family, I would like to apologize for taking they [sic] time out [sic] the day again in this situation." Upon questioning by the district court, Cooper confirmed that he had his children with him (in the car) during one of the crimes. Cooper asked for "leniency."

The State noted that Cooper left two of his children in the vehicle "when he went in to commit . . . the burglary, which was broken down to a theft and criminal trespass" in case No. CR 23-5274. The State argued that in the other case, case No. CR 25-2475, it "doesn't get much worse that what was done," "short of shooting or killing someone."

The district court stated that it had taken into consideration all the information and arguments presented at the hearing, the information in the PSR, and the relevant sentencing factors. The court informed Cooper that there were more "aggravating than . . . mitigating" factors, starting with Cooper's "conduct before this Court." "You were on bond on CR 23-5274," "[y]ou were in court," "[t]he Court informed your counsel that you were going to come before the Court, and the Court was probably going to take you into custody, and you fled." Cooper was "on capias for . . . about a year" and then "committed these terrible crimes." The court stated, "[I]t wasn't just one crime," "[i]t was in a two-day period," "[y]ou robbed and attempted to rob another person, and you assaulted someone during the commission of that" and "[y]ou had a firearm." "You are a

prohibited person" and "[y]ou shouldn't have even had a firearm." "You have been convicted of that same charge twice," "[t]his is your third time," "[a]nd you did that on two different occasions." The court noted the charges the State agreed not to file against Cooper. It then sentenced Cooper as set forth previously.

On appeal, Cooper contends that his aggregate sentence of 36 to 50 years' imprisonment "is manifestly excessive given [his] age, past criminal record, background, motivation for the offense, and mentality." Brief for appellant at 8. He argues that "[a] comprehensive review of these mitigating factors, as set forth by Nebraska law, demonstrates that the sentence imposed fails to account for [his] individual circumstances . . . , resulting in a punishment that is unduly harsh." *Id.* He further argues that his sentence "was not tailored to him as an individual, but rather, it was a response primarily focused on the nature of the offense." *Id.* at 10. The State contends that the district court reviewed the PSR and the required sentencing factors and "[t]he record shows no instance of the court considering any inappropriate factor or legal principle." Brief for appellee at 7.

Having reviewed the record, we cannot say that the district court abused its discretion in sentencing Cooper. See *State v. Rivera-Meister*, 318 Neb. 164, 14 N.W.3d 1 (2024) (no abuse of discretion in sentence imposed when review of record shows sentencing court considered relevant sentencing factors and did not consider any inappropriate factors).

PLAIN ERROR

In its brief on appeal, the State claims that "[t]he district court committed plain error when it imposed a determinate sentence for two Class I misdemeanors along with Class IIA and higher felonies." Brief for appellee at 8. Without any elaboration, the State merely cites to Neb. Rev. Stat. § 29-2204.02(5) (Reissue 2016) and *State v. Wells*, 28 Neb. App. 118, 940 N.W.2d 847 (2020), in support of its argument that the district court "was required to impose an indeterminate sentence" for the Class I misdemeanors. Brief for appellee at 8.

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Molina*, 320 Neb. 544, 28 N.W.3d 837 (2025). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.* We find no plain error in the district court's sentencing order.

Section 29-2204.02(5) states:

For any sentence of imprisonment for a misdemeanor imposed consecutively or concurrently with a sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, the court shall impose a determinate sentence within the applicable range in section 28-106 unless the person is also committed to the Department of Correctional Services in accordance with section 29-2204 for (a) a sentence of imprisonment for a Class III, IIIA, or IV felony committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony.

Based on the plain and ordinary meaning of the statutory language in § 29-2204.02(5), the statute does not apply where the sentence of imprisonment for a misdemeanor is not imposed consecutively or concurrently with a sentence of imprisonment for a Class III, IIIA, or IV felony.

See *State v. Criss*, 31 Neb. App. 765, 989 N.W.2d 450 (2023) (defendant was sentenced for misdemeanor but there was no corresponding Class III, IIIA, or IV felony; thus, § 29-2204.02(5) did not apply). See, also, *State v. Meyer*, No. A-18-353, 2019 WL 548644 (Neb. App. Feb. 12, 2019) (selected for posting to court website) (rejecting State's plain error claim that because defendant was sentenced for Class I misdemeanor along with terms of imprisonment for Class IB and IIA felonies, his misdemeanor sentence should have been indeterminate pursuant to § 29-2204.02(5); holding statute does not apply when there is no corresponding sentence for Class III, IIIA, or IV felony).

Here, § 29-2204.02(5) does not apply because Cooper was sentenced for two Class I misdemeanors and three higher-level felonies (Class II, IIA, and ID). There was no corresponding sentence for a Class III, IIIA, or IV felony. The State's reference to *State v. Wells, supra*, is not persuasive because that case is distinguishable. In *Wells*, the defendant's misdemeanor sentences were imposed concurrently with a sentence on a Class IIIA felony, and he was also committed to the Department of Correctional Services for sentences of imprisonment on his convictions for Class II felonies.

Contrary to the State's assertion, we find no plain error in the determinate sentences imposed for Cooper's Class I misdemeanors.

CONCLUSION

For the reasons stated above, we find that the district court did not abuse its discretion in sentencing Cooper.

AFFIRMED.

- 6 -